IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. ELH 19-0286 |
| TONY SOLOMON | : | |

## MEMORANDUM AND ORDER

Tony Solomon was one of twenty-six Defendants indicted in a Superseding Indictment on June 25, 2019 and charged with conspiracy to possess with the intent to distribute more than one kilogram of heroin, more than five kilograms of cocaine, and more than 280 grams of cocaine base, along with detectable amounts of fentanyl, in violation of 21 U.S.C. 846. ECF 96. The conspiracy charge carries a minimum mandatory sentence of 10 years up to life imprisonment. He is also charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. 922(g). ECF 96. Defendant had a detention hearing on the original indictment on July 19, 2020. ECF 236. An order of detention was entered by me on that date. ECF 240. At the detention hearing, I found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the safety of the community. At the hearing the Court made findings of fact on the record and supplemented those with findings of additional reasons for detention in writing. *Id.* The Court incorporates those findings of fact made on the record and the findings made in the Order of Detention. *Id.*

The Defendant filed an emergency motion for reconsideration of the order of detention on May 5, 2020. ECF 441. The basis for review of detention is that Defendant has a history of chronic kidney disease and he is at a higher risk of COVID-19 infection while detained at CDF in Baltimore. *Id.* On May 8, 2020, the government filed a response in opposition. ECF 446. While the Defendant's motion is based solely upon his medical history, supplemented with 7 sparse pages of medical records from July 2012 and September 2013, the government has filed an extensive

response and included very detailed exhibits in support of its position. ECF 446,449. There is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. Instead the Defendant argues that he should be released because detainees are at higher risk of infection in general and his prior medical condition of kidney disease present a higher risk in detention than release in the community. Under 18 U.S.C. 3142(g), the Court makes an individualized assessment as to this Defendant. In making this decision, I also incorporate the prior rulings by this District Court cited by the government in its response and this Court and in particular, *United States v. Xavier Lee,* ELH 19-0159, ECF 97, *United States v. Delonte Wheeler,* CCB 19-0455, ECF 28, *United States v. Green*, RDB 20-059, ECF 21 and *United States v. Marquis Weaver,* ELH 19-0280.

The Factors Under 3142(g)

The Court considered the factors set forth in 3142(g) at the detention hearing on July 19, 2019. These factors included:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

Defendant does not challenge the Court's findings that the 3142(g) factors demanded detention based upon the threat to public safety posed by Defendant. The government was entitled to a presumption in favor of detention pursuant to 18 USC 3142(e) because of the controlled substances charge which carries a penalty of more than 10 years. In addition to the findings on the record made in greater detail, the Court made written findings as to Tony Solomon:

1) Prior 2004 Federal Felony Drug Conviction – extensive criminal history;

2) Intercepted over T III wiretap conducting kilo sales of CDS;

3) Two firearms recovered from his locations – CDS, and large amount of money recovered;

4) No evidence to rebut the presumption in this case;

5) Was still on Supervised Release when these acts occurred.

ECF 240.

Defendant and COVID-19

Defendant in his motion and documentation states that he has (or had) a history of chronic kidney disease. ECF 443. The record dated July 21, 2012 from the Bureau of Prisons describes a history of chronic kidney disease ("moderate") with no related complaints. *Id.* On September 10, 2013 Defendant was seen at FCI Allenwood Medical and again was noted he had chronic kidney disease, "stage III moderate". *Id.* A medical order was completed on June 21, 2019 at his initial appearance in this case and while Defendant noted upcoming knee surgery and related medication he made no mention of chronic kidney disease or any medication related to any kidney disease. ECF 86. The Court accepts and the government does not contest that Defendant has a history of moderate kidney disease, stage III moderate.

The Court does not dispute Defendant statistically is at higher risk due to his detention at CDF and a potential history of chronic kidney disease. The issue for the Court is whether at this moment in time, the COVID-19 facts related specifically to this Defendant, outweigh the other factors under 3142(g) which compelled detention of Defendant. Put another way, is the community safer with Defendant detained or released under his proposed conditions.

The Defendant is housed at CDF. Defendant argues that his detention at CDF places him and the community in general at higher risk. Defendant bases his argument in part on the conditions of an unrelated facility, CTF and the Department of Corrections. ECF 441. While the Court accepts the general principal that detainees, due to the conditions of confinement, may be at higher risk of infection, the Court must make an individualized assessment as to this particular Defendant Tony Solomon and his conditions of confinement. 18 U.S.C. 3142(g) which do not include facts related to CTF. The conditions at CDF are far different than the conditions at CTF. The government has gone to great lengths to describe the current conditions at CDF in its submission and supporting documents. Defendant fails to present evidence that CDF has not provided him constitutionally adequate preventative measures to stave off infection or that CDF has failed to provide adequate medical care for his underlying medical needs. There simply is no evidence of either.

At this point in time, there also is no evidence Defendant tested positive for COVID-19 or been placed in quarantine. Defendant does not allege any symptoms. By all accounts, with respect to this particular Defendant, he has remained COVID negative, asymptomatic and there is no evidence before the Court that conditions have changed or deteriorated at CDF. In fact, the government has provided strong evidence to the contrary. ECF 446,449.  Therefore, in balancing the 3142(g) factors already found by this Court, I find that the COVID-19 risk factors alleged in his motion, do not outweigh the danger to the community posed by this Defendant, Tony Solomon.

Release under 3142(i)

In *United States v. Creek*, the Fourth Circuit explained that 18 U.S.C. § 3142(i) requires considering "the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform factors, rises to the level of a 'compelling reason' Case 1:19-cr-00455-CCB Document 26 Filed 04/28/20 Page 22 of 26 23 for temporary release..." United States v. Creek, CCB-19-36, App. No. 20-4251, ECF 18 at *1 (4th Cir. Apr. 15, 2020).

In this case, Defendant does not allege any symptoms or issues with care he may be receiving regarding his chronic kidney condition. There is no evidence CDF is not taking appropriate steps to protect Defendant. Defendant, given the opportunity to obtain and produce medical records has done so as stated above. The Defendant has produced no evidence to support a compelling reason pursuant to 3142(i) to release Defendant. There being no compelling reason for release under 3142(i) the motion for release pursuant to 3142(i) is DENIED.

It also is obvious to the Court that with the uncertainty of transmission of the COVID-19 virus, there is a risk of placing a person, who is detained into the public. With respect to the plan for release proffered by Defendant he offers his fiancée as a third-party custodian. He offers to live with her at her residence where he states he can social distance himself as recommended by the CDC. He also offers to submit to 24-7 lockdown via smartphone monitoring, ECF 441. Defendant's plan is devoid of information about whether anyone else resides there, whether it is a one, two, bedroom apartment or a single-family home, how social distancing would be accomplished and whether anyone else at the residence could be at a high risk for infection.

As to home detention, traditional location monitoring is no longer available due to the risks to pretrial services personnel. Even if the more stringent traditional monitoring was available, this

Defendant is not a candidate for a third-party custodian release. As the government notes as well, Defendant was intercepted on a Title III wiretap, using a phone to conduct his business. There is more than sufficient probable cause to support the charges against this Defendant. While he was on supervised release for a federal drug felony, he was engaged in distributing kilo quantities of heroin with fentanyl, cocaine and cocaine base, as a supplier to several drug organizations. Drugs, money and two firearms are tied directly to this Defendant. ECF 446. He is not a candidate for release under any conditions presented to this Court.

The Defendant's proffered medical history of kidney disease and general risk allegations of detained individuals present no change of circumstances regarding the 3142(g) factors to overcome the factors found by this Court that demand his continued detention. There is no evidence to support a violation that rises to the level of a constitutional violation under the Fifth Amendment regarding Defendant's continued detention. For the reasons stated by this Court, the Motion for Detention Hearing, ECF 441 is DENIED.

So Ordered this 13th day of May 2020.

                                                                                /s/_____
                                                           A. David Copperthite
                                                           United States Magistrate Judge