Cjf12.11.13



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

LaRai Everett
Assistant United States Attorney
LaRai.Everett@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4869
MAIN: 410-209-4800
FAX: 410-962-0717

November 5, 2020

**Via Email Only**
Christopher C. Nieto, Esq.
Nieto Law Office
1 North Charles Street, Suite 1301
Baltimore, MD 21201

Re:   United States v. Tony Solomon
      Criminal No. ELH-19-0286

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Tony Solomon hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **November 18, 2020**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to plead guilty to Counts One and Two of the Superseding Information filed against him, which charges him with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. (Count One); and knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of heroin and fentanyl, in violation of 21 U.S.C. § 841 (Count Two). The Defendant admits that the Defendant is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

2.      The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case are that, on or about the time alleged in the Superseding Information, in the District of Maryland:

1

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 2 of 12

    a.    Count One:

        i.    An agreement existed between two or more persons to violate the federal drug laws by distributing and possessing with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, and

        ii.    the Defendant knowingly and voluntarily joined in that agreement.

    b.    Count Two:

        i.    The Defendant knowingly, willfully, and unlawfully possessed a mixture or substances containing a detectable amount of heroin and fentanyl; and

        ii.    The Defendant possessed the heroin and fentanyl with the intent to distribute it.

## Penalties

3.    The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| COUNT | STATUTE | MAND. MIN. IMPRISONMENT | MAX IMPRISONMENT | SUPERVISED RELEASE | MAX FINE | SPECIAL ASSESSMENT |
|---|---|---|---|---|---|---|
| 1 | 21 U.S.C. § 846 | 10 years | Life | At least 5 years, maximum of life | $10 million | $100 |
| 2 | 21 U.S.C. § 841(b) | N/A | 20 years | At least 3 years, maximum of life | $1,000,000 | $100 |

    a.    Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b.    Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment up to the entire original term of supervised release if permitted by statute, followed by an additional term of supervised release.

    c.    Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 3 of 12

      d.     Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.     Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      f.     Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Waiver of Rights</u>

    4.     The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

      a.     If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever.

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 4 of 12

      d.      If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

      e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 5 of 12

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A. This Office and the Defendant further agree that the guidelines applicable are as follow:

    a. Count One:

        i. The parties agree that the base offense level is 30 to reflect the quantity of cocaine attributable to the conspiracy, pursuant to U.S.S.G. 2D1.1(c).

        ii. The parties agree that the offense level is increased by 2 levels because a dangerous weapon was possessed (U.S.S.G. § 2D1.1(b)(1))

    b. Count Two:

        i. The parties agree that the base offense level is 24 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c) to reflect quantity of heroin and fentanyl possessed.

    c. Grouping:

With respect to the multiple counts of conviction, Counts One and Two Group for the purpose of calculating the base offense level, pursuant to U.S.S.G. §3D1.2(d). The adjusted offense level is, therefore, agreed to be 32.

    d. Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 6 of 12

Defendant's conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

7. This Office and the Defendant further agree that the Defendant's **Criminal History Category is IV**, pursuant to U.S.S.G. §4B1.1(b).

8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Rule 11(c)(1)(C) Plea

9. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a **sentence of 120 months imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition of this case, taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine, or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that, if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

### Obligations of the Parties

10. At the time of sentencing, this Office will recommend a sentence of **120 months of imprisonment**, as described above. This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 7 of 12

## Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

        i. The Defendant reserves the right to appeal any sentence that exceeds 120 months; and

        ii. This Office reserves the right to appeal any sentence below 120 months.

    c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Defendant's Conduct Prior to Sentencing and Breach

12. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

13. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement; and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 8 of 12

all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea if the Court finds that the Defendant breached the Agreement.

### Forfeiture

14. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

15. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

- a Glock 37, .45 caliber pistol semi-automatic, serial number GAF795 and ammunition, specifically 8 .45 caliber cartridges

16. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

17. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

18. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Court Not a Party

19. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

20. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

By: *LaRai Everett*

LaRai Everett
James T. Wallner
Assistant United States Attorneys

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 10 of 12

    I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11-15-20                        *[signature]*
Date                             Tony Solomon

    I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

11/16/20                        *[signature]*
Date                             Christopher Nieto, Esq.

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 11 of 12

## ATTACHMENT A

The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Beginning in July 2018, or earlier, the defendant, Tony Solomon ("Solomon") engaged in a conspiracy to distribute controlled substances, including fentanyl, heroin, cocaine, and cocaine base in Baltimore City, Maryland. The defendant agreed with the various coconspirators to acquire these controlled substances and to assist in distributing those controlled substances to other persons.

In or about July of 2018, Drug Enforcement Administration ("DEA"), Strike Force Group 1 ("SF1") began an investigation of the Monument Street corridor in East Baltimore. Law enforcement knows this area supports a high-volume of street-level drug distribution and attendant acts of violence associated with the drug trafficking. As part of the investigation, the DEA obtained authority to intercept the wire and electronic communications of several individuals from that area. Additionally, investigators conducted controlled purchases of narcotics in the area utilizing confidential informants and undercover Baltimore City Police ("BPD") officers. These undercover purchases identified multiple street-level drug trafficking "shops". These purchases also identified the drugs shops' sources of supply of narcotics.

During the investigation, investigators identified Solomon as a source of supply of controlled substances to co-conspirators. Additionally, investigators intercepted calls between Solomon and co-conspirators discussing the distribution of controlled substances including cocaine, fentanyl, and heroin. Throughout the course of his involvement, it was reasonably foreseeable to Solomon, and within the scope of the conspiracy that he or other members of the conspiracy would distribute more than 5 kilograms of cocaine as well as quantities of cocaine base, fentanyl and heroin, during the course of and in furtherance of the conspiracy.

Solomon participated in the activities of the conspiracy in the District of Maryland. Some examples of Solomon's participation in the conspiracy include, but are not limited to:

- Solomon maintained at least two stash locations used for storing, cutting and packaging controlled dangerous substances with other members of the conspiracy: 1641 N. Spring Street and 3201 Brighton Street, both located in Baltimore, Maryland.

- The stash house located at 1641 N. Spring Street was used to cut and package quantities of controlled substances for distribution, as well as store quantities of controlled substances for distribution. Additionally, Solomon conspired with coconspirators to use this location to meet with drug customers for the purposes of collecting money and providing controlled substances to them. On January 23, 2019, investigators executed a search and seizure warrant at 1641 N. Spring Street, Baltimore, Maryland and recovered a quantity of controlled

Plea Agreement
*U.S. v. Tony Solomon*
ELH-19-0286
Page 12 of 12

dangerous substances and a firearm. Specifically, Solomon, along with co-conspirators possessed with intent to distribute approximately 200 grams of cocaine base and approximately 5 grams of cocaine, as well as a digital scale, gel caps with suspected controlled substances, and suspected marijuana packaged in vacuum sealed bags. The defendant admits that he possessed the cocaine and cocaine base with the intent to distribute them for sale.

- As to the other stash location, on January 23, 2019 a search and seizure warrant was executed at 3201 Brighton Street, Baltimore, Maryland and investigators recovered a quantity of controlled dangerous substances and a firearm. Solomon, along with co-conspirators possessed with intent to distribute approximately 147 grams of a mixture containing heroin and fentanyl, 1 large kilo press and one small kilo press, cutting agents and multiple bags of gelatin capsules and one loaded Glock 37 .45 caliber, semi-automatic pistol bearing serial number GAF795 with 8 .45 caliber cartridges. The defendant admits that he possessed the heroin and fentanyl with the intent to distribute them for sale. The defendant further admits that he possessed the Glock 37 pistol in connection to his drug trafficking activities.

- Additionally, on January 23, 2019 a search and seizure warrant was executed at Solomon's residence, located at 3528 Reisterstown Road, Baltimore, Maryland. Investigators recovered approximately $41,912 in various locations throughout the house.

- Solomon engaged in multiple phone calls and other electronic communications with other members of the conspiracy during which they discussed narcotic transactions. Investigators monitored the communications during court-authorized wiretap monitoring on cellular phones used by other members of the conspiracy.

SO STIPULATED:

_____  11-15-20
Tony Solomon             Date
Defendant

_____
LaRai Everett
Assistant United States Attorney

_____  11/16/20
Christopher Nieto, Esq.  Date
Counsel for Defendant